UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL ANDREWS, :
     Plaintiff :
     :
  v. : CIVIL NO.4:CV-04-551
     :
     : (Judge McClure)
LIEUTENANT VANCE, ET AL., :
     Defendants :

## ORDER

April 25, 2005

**Background**

    This pro se civil rights action was filed by Michael Andrews, an inmate presently confined at the State Correctional Institution, Huntingdon, Pennsylvania. Presently pending is the Plaintiff's motion (Record document no. 36) seeking appointment of counsel.

    Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when

circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

Recently, the United States Court of Appeals again recognized that "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citation omitted). It also reiterated that the criteria developed in Tabron should be employed in addressing the appointment of counsel issue.

Andrews' motion fails to set forth sufficient special circumstances or factors that would warrant appointment of counsel. Tabron, supra, at 155-56. In the pleadings submitted by Plaintiff to date, he has demonstrated that he is capable of presenting comprehensible arguments. Furthermore, this court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action pro se, mitigate against the appointment of counsel. Moreover, the legal issues are relatively uncomplicated, and the court cannot say, at least at this point, that Andrews will suffer substantial prejudice if he is forced to prosecute this case on his own.

Therefore, Andrews' motion for appointment of counsel will be denied. In

the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either <u>sua</u> <u>sponte</u> or upon a motion properly filed by the Plaintiff.

**IT IS HEREBY ORDERED THAT:**

Plaintiff's motion for appointment of counsel (Record document no. 36) is denied.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge