IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ANDREWS, : | |
| : | No. 4: 04-CV-551 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | (Judge McClure) |
| LIEUTENANT VANCE, C.O. : | |
| FALLS, AND C.O. MITCELLE[1] : | |
| : | |
| Defendants : | |

**O R D E R**

December 6, 2005

**BACKGROUND:**

On March 15, 2004, plaintiff Michael Andrews, a state prisoner then incarcerated at SCI-Rockview, Bellefonte, Pennsylvania, filed the instant civil rights complaint under 42 U.S.C. § 1983. Andrews alleges the defendants, employees of SCI-Rockview, confiscated his mattress during a cell search and then deprived him of a useable mattress for two days. Plaintiff allegedly injured his back as a result of sleeping without a mattress. Plaintiff seeks reimbursement of his filing fee, as well as compensatory and punitive damages.

---

[1] The defendants identify themselves as Robert T. Vance, James H. Falls, III, and Michael L. Mitchell.

1

Now before the court is defendants' motion for summary judgment.  For the following reasons we will grant the motion.

**DISCUSSION:**

### I. LEGAL STANDARD

It is appropriate for a court to grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled a judgment as a matter of law." Fed. R. Civ. P. 56(c).

"If the nonmoving party has the burden of persuasion at trial, 'the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.'" Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir. 1989) (quoting Chippolini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d. Cir. 1987)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In evaluating a motion for summary judgment the court will draw all reasonable inferences from the evidence in the record in favor of the nonmoving party.  Am. Flint Glass Workers Union v. Beaumont Glass Co., 62 F.3d 574, (3d

2

Cir. 1995). The nonmoving party, however, cannot defeat a motion for summary judgment by merely offering general denials, vague allegations, or conclusory statements; rather the party must point to specific evidence in the record that creates a genuine issue as to a material fact. See Celotex, 477 U.S. at 32; Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).

## II. FACTUAL BACKGROUND

### A. Defendants Fail to Comply with Local Rule 56.1

First, we note that defendants have not complied with Local Rule 56.1 which provides in relevant part: "A motion for summary judgment filed pursuant to Fed. R. Civ. P. 56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs as to which the moving party contends there is no genuine issue to be tried." L.R. 56.1 (emphasis added). Defendants have, however, included a brief six-sentence statement of undisputed facts in their brief in support of their motion for summary judgment. (Def's Br. Supp. Mot. Summ. J., Rec. Doc. No. 47-1, at 2.) Although the defendants did not comply with the rule we are satisfied with this statement of the facts as it is supported by citations to the evidence in the record.

Plaintiff's terse Response to the Motion for Summary Judgment essentially indicates that there is no dispute over any of the issues of material fact. (Rec. Doc.

No. 57).[2]

## B. Statement of Relevant Facts

In January 2004, plaintiff Michael Andrews was an inmate incarcerated at SCI-Rockview. On January 6, 2004, plaintiff's cell was searched and his mattress was removed from his cell. This cell search was conducted as part of a "shakedown" at SCI-Rockview. On or about January 7, 2004, corrections officers offered to return plaintiff's seized mattress to him, but Andrews refused to accept his mattress. Plaintiff received a new mattress on January 8, 2004. Plaintiff did not notify the defendants about the condition of his back during the time the mattress was seized.

## III. Plaintiff's Section 1983 Claim

Plaintiff's claim is brought pursuant to 42 U.S.C. § 1983 on the basis of alleged constitutionally impermissible prison conditions when he was denied a mattress for two days. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects,

---

[2] Andrews also indicates in his Response to the Motion for Summary Judgment that he was deceived into withdrawing his initial administrative grievance on this matter. This is not an issue, however, as the defendants have not raised an exhaustion defense.

> or causes to be subjected, any citizen of the United States
> or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to
> the party injured in an action at law, suit in equity, or
> other proper proceeding for redress . . .

42 U.S.C. § 1983.

In order for a plaintiff to prevail under 42 U.S.C. § 1983 he must establish two elements: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).

### A. Defendants Are Immune From Suit In Their Official Capacity

Plaintiff's complaint does not allege that he is suing the defendants in their official capacities. Nevertheless, defendants in their motion for summary judgment assert that the named defendants are immune from suit for money damages in their official capacity under the Eleventh Amendment of the United States Constitution. We agree that Pennsylvania has expressly withheld consent to suit when it enacted its exception to sovereign immunity, 42 Pa. C.S.A. § 8521, and that therefore the defendants are immune from suit for money damages in their official capacity. See Pennhurst v. Halderman, 465 U.S. 89, 99-100 (1984) (in the absence of consent,

the Eleventh Amendment bars suits for money damages against a state, or where the state is the real party in interest); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (suit brought against individual acting in his official capacity is deemed to be suit against the state). To the extent plaintiff sought monetary damages from defendants in their official capacities his claim fails.

### B. Deprivation of Andrews' Mattress For Two Days Does Not Rise to an Eighth Amendment Violation

Plaintiff alleges that he was denied a mattress for two days from January 6, 2004 through January 8, 2004. It is undisputed that plaintiff went without bedding for those two days. Defendants assert, however, and plaintiff admits, that plaintiff was offered his original mattress as an interim solution. We note in passing that the record indicates that the original mattress may have been badly damaged, as it was allegedly ripped apart and left near a trash can. (Def's Ex., Rec. Doc. No. 48, at 5, 10.) Although we find it troublesome that plaintiff may have been denied access to a useable mattress for two evenings, this deprivation does not rise to a constitutional injury, and therefore does not allow for relief under 42 U.S.C. § 1983.

The Eighth Amendment of the United States Constitution prohibits the infliction of cruel or unusual punishment. U.S. Const. Amend. VIII. The Supreme

Court has held that only "extreme deprivations are required to make out a conditions of confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992). An Eighth Amendment prison conditions claim requires proof of both objective and subjective elements. See Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).[3] Under the objective element, Andrews's claim must state facts showing that the defendants deprived him of the "minimal civilized measure of life's necessities." Id. (citing Wilson v. Seiter, 501 U.S. at 298 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (citation omitted)).

"The Constitution . . . 'does not mandate comfortable prisons.'" Wilson, 501 U.S. at 298 (quoting Rhodes, 452 U.S. at 298). "To the extent that . . . conditions [of confinement] are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes, 452 U.S. at 347. "In considering whether a prisoner has been deprived of his rights, courts may consider the length of time that the prisoner must go without those benefits." Hoptowit v. Ray, 682 F.2d 1237, 1258 (9th Cir.1982) (citing Hutto v. Finney, 437 U.S. 678, 685 (1978)); see also Castro v. Cheney, No. 97-4983, 1998

---

[3] Because Andrews cannot establish the objective element of an Eighth Amendment claim we do not address the subjective element, i.e., whether the prison officials acted with such deliberate indifference to the conditions that they showed a wanton disregard to the interests of Andrews. See Whitley v. Albers, 475 U.S. 312, 320 (1986).

WL 767467, at *6 (E.D. Pa. Nov. 3, 1998) (Broderick, J.) (quoting same). Therefore, "a condition of confinement which does not violate the Eighth Amendment when it exists just a few days may constitute a violation when it exists for 'weeks or months.'" Schroeder v. Kaplan, 60 F.3d 834 (Table), 1995 WL 3988878, *2 (9th Cir. July 7, 1995) (quoting Hutto, 437 U.S. at 686-87).

In the instant case, Andrews was denied a useable mattress for two evenings. Andrews cannot satisfy the objective prong of his Eighth Amendment claim with this deprivation. As respondents have indicated, courts in this jurisdiction have held that denying bedding to an inmate for a short period of time does not rise to a constitutional violation. Castro, 1998 WL 767467, at *8 ("The Court also finds that Plaintiff's allegation that he was deprived of a mattress and blanket for a period of two days, even if proved, would not rise to the level of a constitutional violation.").[4] Other courts have likewise found that denying an inmate a mattress

---

[4] Defendants also cite to Magistrate Judge Smyser's report and recommendation in Bronson v. Stanish, No. 99-2116, U.S. Dist. Lexis 21185 (M.D. Pa. Sept. 26, 2000) (Smyser, M.J.), in support of their claim that two days without bedding does not rise to a constitutional violation. Their reliance on that case is misplaced, however, as Magistrate Judge Smyser (and Judge Caputo when he adopted the report and recommendation), found that they could not say as a matter of law that the plaintiff in Bronson, who was naked, without bedding, under cold conditions, and housed in a feces covered cell without hygienic or cleaning items would not be able to prove an Eighth Amendment violation based on those conditions. Bronson, U.S. Dist. Lexis 21185, at *12; Bronson v. Stanish, No. 99-2116, 2000 WL 1839136, at *3 (M.D. Pa. Nov. 3, 2000) (Caputo, J.) ("[T]his court

for only a few days does not constitute a constitutional violation. See Stephens v. Cottey, 145 F. App'x 179, 181 (7th Cir. Aug. 11, 2005) (holding no Eighth Amendment violation exists where prisoner spent three days without a mattress sleeping on a metal bedframe and five days with no bedframe sleeping on the floor); cf. Schroeder v. Kaplan, 60 F.3d 834 (Table), 1995 WL 398878, at *2 n.6 (surveying district courts findings on whether failure to provide a mattress violated the Eighth Amendment and determining courts have "reached inconsistent conclusions"). The facts, although unfortunate, viewed in a light most favorable to the plaintiff, do not establish the objective component of an Eighth Amendment claim. Therefore, we must grant defendants' motion for summary judgment.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

    1.    Defendants' motion for summary judgment is granted. (Rec. Doc.

---

agrees with the magistrate judge that it cannot be said as a matter of law, that the conditions which allegedly obtained in the POR did not constitute a deprivation of the 'minimal civilized measure of life's necessities.'")

       Although defendants misplace their reliance on Bronson, we find that the facts alleged in Bronson, are distinguishable from the facts before us now. Andrews does not allege conditions similar to the litany alleged by the plaintiff in Bronson; instead he only alleges he was denied a mattress. See Schroeder, 60 F.3d 834 (Table), 1995 WL 398878, at *2 (citing a series of cases involving a denial of bedding accompanied by other factors, and distinguishing those cases from an Eighth Amendment claim only based on the denial of a mattress).

9

No. 39.)

2. Final judgment is entered in favor of defendants Robert T. Vance, James H. Falls, III, and Michael L. Mitchell, and against plaintiff Michael Andrews.

3. The Clerk is directed close the case file.

      s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge